## WOOD v. REEVES.

1. In action for foreclosure by the mortgagee against the vendee of the mortgagor, records of the Probate Court may be introduced by defendant to show that the interest of the mortgagor in this property was not subject to mortgage.
2. A will introduced in evidence without objection to the absence of proof by a subscribing witness, cannot be afterwards objected to as unproved.
3. Land directed by a will to be sold by the executors and the proceeds divided is converted into money, and the interest of a beneficiary therein cannot be mortgaged. If sold under an arrangement between the executors and the other parties in interest, the sale is binding upon all.

4. A mortgage must be proved by the affidavit of one of the subscribing witnesses and the proof recorded with the mortgage; and if this be not done, its record does not affect the rights of subsequent purchasers without notice.
5. The Circuit Judge having inadvertently omitted to state the sum for which he gave judgment, the case was remanded for correction.

Before Pressley, J., Laurens, November, 1884.

This was an action by T. R. L. Wood against William A. Reeves and others for foreclosure of a mortgage. The opinion states the case. The Circuit Judge decreed as follows:

My judgment on the above facts is that the interest of W. A. Reeves in the estate of his father was neither an interest in land nor in tangible property of any kind. The direction that his property "be sold and divided" gave each legatee a purely money interest, which he could assign and transfer, but the record of such assignment in the register's office is not notice to the purchasers of the land, nor does it give to the holder thereof any lien upon the land which he could foreclose as a mortgage. It is in law only an irrevocable power to receive from the executors the share of W. A. Reeves in the proceeds of testator's property when sold, and notice thereof comes too late after he had received his share.

Furthermore, if said deed be a valid mortgage on property which could be mortgaged, then in that case the record of the same without the proof and the registry thereof, as required by the act of 1839, makes the record ineffectual as constructive notice to a subsequent purchaser. Before that act, it was decided in *Lamar* v. *Raysor*, 7 *Rich.*, 509, that legal proof before recording would be presumed; but not so since that act, which requires, as prerequisite to recording, the affidavit of one of the witnesses, and that same be recorded.

It is therefore ordered and adjudged, that plaintiff have leave to enter judgment and issue execution against W. A. Reeves, with interest thereon from commencement of this action, and for costs of this case. Further ordered, that as to all the other defendants the complaint in this case be dismissed.

*Mr. F. P. McGowan*, for appellant.

*Messrs. Ball & Watts,* contra.

September 9, 1885. The opinion of the court was delivered by

MR. JUSTICE MCIVER. Some time after November 24, 1869, and prior to the year 1879, but at what particular date does not appear, Drury Reeves departed this life leaving a will, bearing date November 24, 1869, by which he disposed of his property as follows: "After all my just debts are paid, I give to my wife, Elizabeth Reeves, all my property, both real and personal, during her life, or until M. A. Reeves, my youngest son, arrives at the age of twenty-one. In the event that my wife should die before my son, M. A. Reeves, arrives at that age, then in that case the property shall remain the same undivided in the hands of my executors until that time, or until M. A. Reeves arrives at the age of twenty-one years. Then I desire my property, both real and personal, sold and equally divided among the surviving heirs according to law. 2d. I make and constitute W. A. Reeves and J. S. Reeves my executors to carry out my last will and testament."

On December 8, 1879, Wm. A. Reeves, one of the sons of the testator, being indebted to the plaintiff, in order to secure the payment of said debt executed a paper under seal, in the presence of two witnesses, whereby, after reciting the amount of said debt, he declares that, in order to secure the payment of said debt, "I hereby assign, transfer, and convey to the said T. R. L. Wood, and by these presents do assign, transfer, and convey to the said T. R. L. Wood, all my right, title, and interest in the real and personal estate of my father, Drury Reeves, deceased." This paper was recorded in the office of the register of mesne conveyances on the day of its date, but it did not appear that its execution had ever been proved by either of the subscribing witnesses, there being no affidavit to that effect either in the book of records or upon the original paper.

On October 31, 1881, M. A. Reeves, the youngest son of the testator, having attained the age of twenty-one years, the legatees and devisees under the will entered into agreements for the settlement of the estate, by which the real estate was sold to some of the children, a portion of it passing into the hands of the

defendant, Wm. G. Gambrell, and to each child was paid his or her equal proportion of the estate in money, and these agreements, together with a statement of the settlement of the estate, were filed in the office of the judge of probate, who, on March 14, 1882, granted an order discharging the executors from their trust.

On July 24, 1883, this action was commenced by the plaintiff to foreclose his alleged mortgage on the undivided interest of the defendant, Wm. A. Reeves, in the real estate of which his father died seized. The Circuit Judge held that the interest of Wm. A. Reeves in the estate of his father was not an interest in property that could be mortgaged; but was a mere money interest, which might be the subject of assignment, which would not affect the other executor and legatees or devisees without notice, and that the record of such a paper would not operate as constructive notice. He further held that even if the paper could be regarded as a mortgage on the interest of Wm. A. Reeves in the land, the registry thereof without the proof of the execution being recorded was ineffectual as constructive notice. He therefore dismissed the complaint as to all the defendants except Wm. A. Reeves, with leave to the plaintiff to enter judgment against Wm. A. Reeves, "with interest thereon from the commencement of this action, and for costs of this case," but omitted the amount for which he directed judgment to be entered, no doubt through inadvertence, or probably as a mere clerical error.

From this judgment the plaintiff appeals upon the following grounds: "Because his honor erred: 1. In holding that the defendants, except Wm. A. Reeves, were *bona fide* purchasers without notice. 2. In holding that the mortgage as recorded was not notice to third parties. 3. In holding that William A. Reeves had no interest in the land of Drury Reeves, deceased, that could be mortgaged and sold under said mortgage. 4. In not holding that the land of Drury Reeves, deceased, until sold as the will directed, descended to the heirs at law, and that a mortgage given by William A. Reeves on his undivided interest before said sale could not be prejudiced by any proceedings to which the mortgagee was not a party. 5. In holding that the estate of Drury Reeves, deceased, had been settled as the will

directed. 6. In not holding that William A. Reeves paid no part of his distributive share to the extinguishment of said mortgage debt. 7. In admitting in evidence the records of the Probate Court and testimony going to show that defendants were purchasers of the interest of William A. Reeves without notice. 8. In not finding the amount of money due the plaintiff by William A. Reeves."

We are unable to perceive the pertinency of the fifth and sixth grounds of appeal to the questions presented for our consideration, as we do not deem it important to the real issues to be determined whether the estate was settled in accordance with the terms of the will or not, and as the amount due by Wm. A. Reeves was not determined by the judgment, it will be time enough yet when that is to be ascertained to determine whether Wm. A. Reeves applied his distributive share, or any part thereof, to the plaintiff's claim. As we understand it, the appeal really presents but four questions. 1st. As to the admissibility of the evidence mentioned in the seventh ground of appeal. 2d. As to whether Wm. A. Reeves had such an interest in the estate of his father as could be the subject of mortgage. 3d. If so, was the record of the paper styled a mortgage constructive notice to third parties? 4th. As to the defect in the judgment in not fixing the amount due by Wm. A. Reeves to the plaintiff.

As to the first question, we do not see upon what ground the evidence should have been excluded. It appears from the "Case" that the only objection made was "that the defendants have put in a general denial, and cannot be allowed to put up a special affirmative defence showing settlement of the estate." We do not understand that the testimony was offered with any such view, but simply for the purpose of showing that Wm. A. Reeves had no interest in the estate which could be the subject of mortgage—that his interest was a mere money interest, which might be the subject of assignment, but not of mortgage; and in this view the testimony was clearly competent. No objection was made to the introduction of the will for want of proof by one of the subscribing witnesses, which possibly might have been supplied if made at the proper time, and it cannot now avail the appellant.

As to the second question, we agree with the Circuit Judge that Wm. A. Reeves took under the will of his father a mere money interest, which could not be the subject of mortgage. Land directed to be sold by a will and the proceeds divided is converted into personalty, money, which certainly cannot be mortgaged. *Andrews* v. *Loeb*, 22 *S. C.*, 274. The fact that the land in this case was sold by private arrangement amongst the parties interested, and not by the executors, cannot alter the case, for the executors were parties to, and acquiesced in, such arrangements, and neither they nor any one else can now repudiate them, certainly not to the detriment of an innocent purchaser. Even granting that the fee in the land descended to the heirs at law, to prevent it from being in abeyance, between the time of the death of the testator and the time of the sale, yet the heirs could only hold it subject to its being disposed of according to the will. No interest whatever was given to Wm. A. Reeves in the land, but only a share in the proceeds of its sale, and his attempt to mortgage what he never had was necessarily nugatory.

We also agree with the Circuit Judge as to the third question. Even if the paper in question be assumed to be a valid mortgage, yet, unless it was recorded according to law, it could not, under the express terms of the statute, and not upon the plea of purchase for valuable consideration without notice, affect the rights of a subsequent purchaser without notice; for as to him it is no mortgage. Was it recorded according to law? It could not be legally recorded unless its execution was first proved by one of the subscribing witnesses according to law (*Woolfolk* v. *The Graniteville Manufacturing Co.*, 22 *S. C.*, 332); and although prior to the act of 1839 the fact of the deed being upon the records of the proper office might have been sufficient to warrant the presumption that the deed had been properly proved, yet as that act, which was incorporated in section 5, chapter XXIII., of the General Statutes of 1872, the law then in force, expressly required "the proof in every case to be recorded with the writing," it would seem to follow that a paper was not recorded according to law unless proof of its execution was recorded also. And when, as in this case, neither the original

nor the record showed any evidence that its execution had ever been proved, we think it clear that the paper cannot be regarded as recorded, and hence cannot be constructive notice to any one.

In reference to the fourth question, as we have already intimated, it is apparent that there was error in omitting to fix the amount for which the plaintiff was entitled to judgment against the defendant, Wm. A. Reeves, and therefore, upon this ground alone, the case must go back to the Circuit Court, in order that this deficiency may be supplied.

The judgment of this court is that the judgment of the Circuit Court be affirmed in every respect except as above indicated, and that the case be remanded to the Circuit Court for the purpose of having the above mentioned deficiency in the judgment supplied.